## STARR AND COMPANY v. FISHER and SHOCKLEY.

Court of Common Pleas. November, 1818.

*Clayton's Notebook, 118.*

*Hall,* for plaintiff, said it had always been the practice in Delaware for the senior execution to take. The junior might sell, but the avails must be applied according to the priority of lien. He admitted the law of England to be *contra,* but we had adopted only so much of it as was suitable to our condition. The people had often informed him that they could not get along upon the English plan—they must wait with their debtors. Cited 4 Dall.

167, 213, 208, to show that the law of Pennsylvania as there adopted in practice accorded with our former practice. 4 Dall. 358,[2] he said, was a decision of the United States [Circuit] Court [3] *contra,* but he hoped never to see the time when the courts of the United States should give law to the individual states. This was a decision the more unwarranted as it was between two citizens of Pennsylvania, in that state, and with the practice and law of that section of the country staring the judges [of the] United States in the face, as they acknowledge.

*Ridgely, contra,* contended the practice had been unsettled here, and that the senior execution was clearly fraudulent as against the latter. The common law was the law of the land, and the English practice was wise, politic and well adapted to our condition. Cited the United States decision and distinguished the other cases in Dallas thus: Where the prior execution was to have been levied on household goods, there the stay of sale was from sentiments of humanity, and he who delayed from such a motive should not lose by it; but wherever the levy was on merchandise, these motives could not induce a stay, and as the prior execution creditor thereby gave the debtor an ostensible ownership which operated as a fraud on others, he deserved to lose his lien.

*Curia advisare vult.*

(NOTE. The case in Dallas does not establish the Pennsylvania practice, *semble,* as *Hall* contended. *Vide* note to Dallas.)

Mr. Brinckle afterwards, December 16, 1818, informed me by letter that "the execution question was decided in favor of Starr and Company. The substance of the opinion of the Court was: PER CURIAM. The common law of England is in force in this state only so far as it has been adopted in practice. It is unquestionably perfectly well settled in England that any stay of execution is in itself a badge of fraud and consequently divests the execution of its original priority, but a long course of practice has in this state modified and, in fact, abrogated that rule. We are of opinion that a stay of execution is not *per se* a badge of fraud; other circumstances must appear to render it such."

(For common law rule see 2 Tidd Pr. 920. Prec. Ch. 286, 287.)

---

[2] Manuscript reads, "4 Dall. 208"; the reference to 4 Dall. 358 mistakenly appears in the preceding sentence in the list of Pennsylvania cases. As inverted, the citations are now correct.

[3] Manuscript reads, "a decision of the U. S. Ct. Supreme." The case referred to is *United States v. Conyngham et al.* in the United States Circuit Court, Pennsylvania District.